UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
R. ALEXANDER ACOSTA, Secretary of Labor, :
United States Department of Labor, :
                                                 Plaintiff, :
                                                             :    CIVIL ACTION NO.   1:17-cv-07931
        v. :

AEU BENEFITS, LLC, :
AEU HOLDINGS, LLC, :
BLACK WOLF CONSULTING, INC., :
SD TRUST ADVISORS, LLC, :
and the AEU HOLDINGS, LLC :
EMPLOYEE BENEFIT PLAN, :

                       Defendants. :

**THE INDEPENDENT FIDUCIARY'S ORDERLY PLAN OF LIQUIDATION**

Pursuant to the Ex Parte Temporary Restraining Order and Preliminary Injunction Order entered by the Court on November 3, 2017 (DE #7) and December 14, 2017 (DE #59), respectively, Receivership Management, Inc. (RMI), was appointed Independent Fiduciary of the AEU Holdings LLC Employee Benefit Plan ("AEU Plan") and all welfare plans covered by ERISA that are part of or participate in the AEU Plan ("Participating Plans") (collectively hereafter referred to as the "Plans"). On December 15, 2017, the Independent Fiduciary submitted a motion to terminate the Plans (DE#63) and on December 21, 2017, the Court entered an Order terminating the Plans (DE#74) ("Termination Order"). In its motion, the Independent Fiduciary stated that, in due course, it would submit an orderly plan of liquidation to the Court (hereafter referred to as "the Liquidation Plan"). That Liquidation Plan is set forth below.

Pursuant to the Court's Termination Order, the Independent Fiduciary has done the following:

1. As of December 29, 2017, the Independent Fiduciary issued Notices of Termination to the Plans' trustees, current and former administrators, legal counsel, providers and current and former participants advising them of the Court's December 21, 2017 Order terminating the Plans effective January 31, 2018. The Independent Fiduciary also has issued instructions to the Plans' trustees, current and former administrators, legal counsel, and excess loss carriers to fully comply with the terms of the Court's Order, and directing the Plans' trustees, current and former administrators, and legal counsel to produce documents, records, electronic data, and listings specific to each of the aforementioned to the Independent Fiduciary or its agents so as to assist it in the termination and liquidation of the Plans. Conference calls and meetings with these parties are ongoing and are scheduled as deemed necessary to the administration of the liquidation plan.

2. As of December 29, 2017, the Independent Fiduciary issued Notices to the Plans' participants and providers, who/which provided services to participants, advising that:

   a. The Plans are being terminated and liquidated by Order of the U.S. District Court for the Northern District of Illinois.

   b. Benefits provided under the Plans will cease on January 31, 2018 at 11:59 p.m. Central Time for participants whose premiums/contributions have been received by the Plans for benefit coverage for the month of January 2018. For member participants whose premiums/contributions for benefit coverage for the month of January 2018 have not been received by the Plans, coverage will end as of the last period of coverage for which premiums/contributions have been received by the Plans.

      c.      Upon record verification, "certificates of insurance," as provided under the Affordable Care Act, will be issued to the Plans' participants. All such letters will issue no later than 45 days from the date of the Plans' termination of benefits.

      d.      Instructions regarding the submissions of claims and their adjudication would be issued to employers and vendors who may have claims on Plan assets as soon as possible after the termination of the Plans.

      e.      Questions regarding HIPAA, the liquidation of the Plans, and claims process will be responded to via the contact information on the participant notice.

      f.      Information concerning the provisions of the preliminary injunction will be set forth in the notice, as well as on the Independent Fiduciary's website.

      3.      Upon the filing of this Liquidation Plan, the Independent Fiduciary will follow the Court's Preliminary Injunction Order, as may be amended, regarding the transferring and centralizing of assets of the Plans. The Independent Fiduciary will move the Court for additional relief and for clarification, as needed, if some other individual or entity fails to appropriately turn over any asset of the Plans or fails to appropriately account or reconcile the amount(s) owed to the Plans.

      4.      During the month of April 2018 and by May 15, 2018, the Independent Fiduciary will issue a Medical Claims Determination Statement to each plan participant and/or covered dependents and medical provider, as compiled from records available to it, reporting on the medical claims for payment by the Plans that currently exist and are known to the Independent Fiduciary. This Medical Claims Determination Statement will show the adjudicated payable amount for the unpaid claim, along with other information as normally found on Explanation of Benefits statements sent to patients and Remittance Advices sent to providers. Participants and/or

3

covered dependents and medical providers may submit any additional medical claims that have not been previously submitted to the applicable third party administrators; however Plan Document provisions regarding timeliness of medical claims submissions may be applied to claims eligibility. Participants and/or covered dependents who are seeking reimbursement of medical claims they have fully paid, whether the claim is reflected on the Medical Claims Determination Statement or not, will have until August 15, 2018 to submit to the Independent Fiduciary a request for reimbursement, along with supporting documentation to include receipts, copies of cancelled checks, or credit card statements. The Plan Document provisions, as set forth in Exhibit A to the Preliminary Injunction, will apply to appeals and reviews of Medical claims. Medical claims listed on the Medical Claims Determination Statement are subject to the 180 day appeal period noted in that Exhibit A. The appeal rights will be printed on the Medical Claims Determination Statement. The Medical Claims Determination Statement intended to be issued by May 15, 2018 may become supplemented by additional medical claims. The appeal period for solely those additional claims will commence when the Independent Fiduciary issues a Supplemented Medical Claims Determination Statement.

5. Notice of a Proof of Claim process will also be given to all persons or entities known to the Independent Fiduciary that might have other Non-medical claims as against the Plans. A Proof of Claim Bar Date of August 15, 2018 will be established. Non-medical claimants who fail to submit their claims by August 15, 2018 will be barred from making claims against the assets of the Plans.

6. Timely-filed Non-medical Proofs of Claims will be reviewed by the Independent Fiduciary. If additional information is needed for that review, the Independent Fiduciary will request such information be provided within a certain timeframe not to be less than fifteen (15)

days. A failure to provide the requested information within the timeframe set forth will be considered as grounds for denying the Proof of Claim. Upon the Proof of Claim being deemed "complete," the Claims Processor at the Independent Fiduciary will review and adjudicate the issues presented by the Proof of Claim and will issue a written Notice of Non-medical Claims Determination as to its determination of those issues. If the claimant objects to the Independent Fiduciary's determination set forth in the Notice of Determination, he/she/it will have forty-five (45) days from the mailing of the Notice of Non-medical Claims Determination within which to submit objections and request an appeal of that determination to the President of the Independent Fiduciary for review and final decision. A failure to timely object / request appeal will result on the Independent Fiduciary's Notice of Non-medical Claims Determination being final. Final Non-medical Claims Determinations are reviewable by the U.S. District Court for the Northern District of Illinois.

7. During the course of the Liquidation Plan, the Independent Fiduciary, with the assistance of counsel, will review records, transactions, claims data, and other information, as well as conduct interviews with persons relevant to any material claim or cause of action that would benefit the Plans. The Independent Fiduciary will also determine what courses of action it should pursue, and pursue them, in an effort to increase the assets available to the Plans for payment of claims or for payment of administrative expenses. As soon as is possible after all claims have been processed, all appeals have been finalized, all appeal periods have concluded, and all assets collected, the Independent Fiduciary will file an additional Plan with the Court concerning distribution of available assets to all approved claimants resulting from the Medical Claims Determination Statement and Non-medical Claims Determination Statement. If there is any possibility of an interim distribution, the Independent Fiduciary will so advise the Court. The

Independent Fiduciary will file Reports to the Court on a periodic basis advising as to the progress with the Liquidation Plan and the financial status of the Plans, and any other reports the Court deems necessary.

Respectfully submitted,

 *s/ Alan F. Curley*
Alan F. Curley
ROBINSON CURLEY P.C.
300 South Wacker Drive
Suite 1700
Chicago, Illinois 60606
(312) 663-3100
acurley@robinsoncurley.com


J. Graham Matherne (*pro hac vice*)
Andrew J. Pulliam (*pro hac vice*)
WYATT, TARRANT & COMBS, LLP
333 Commerce Street, Suite 1400
Nashville, Tennessee 37201
(615) 244-0020
gmatherne@wyattfirm.com
apulliam@wyattfirm.com

*Counsel to the Independent Fiduciary*

**CERTIFICATE OF SERVICE**

        I hereby certify that a true and exact copy of the foregoing has been served upon the following, via the Court's Electronic Case Filing System upon:

Bruce C. Canetti, Esq.
Brooke Eileen Worden, Esq.
Martha Plante Frydl, Esq.
Ruben Richard Chapa, Esq.
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Rm 844
Chicago, IL 60604
(312) 353-3271
Email: canetti.bruce@dol.gov
Email: worden.brooke.e@dol.gov
Email: FRYDL.MARTHA@DOL.GOV
Email: chapa.ruben@dol.gov

Howard L. Mocerf, Esq.
Tiffany S. Fordyce, Esq.
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
(312) 456-8400
Email: mocerfh@gtlaw.com
Email: fordycet@gtlaw.com

Joshua Thomas Buchman, Esq.
John Christian Nemeth, Esq.
Sean Michael Koller, Esq.
McDermott Will & Emery LLP
444 West Lake Street Suite 4000
Chicago, IL 60606-0029
(312) 372-2000
Email: jbuchman@mwe.com
Email: jcnemeth@mwe.com
Email: sekoller@mwe.com

Andrea Verney, Esq.
Terrence Patrick Canade
Locke Lord LLP
111 S. Wacker Drive
Chicago, IL 60606
(312) 443-0406
Email: Averney@lockelord.com
Email: tcanade@lockelord.com

This the 20th day of April, 2018.

                                                 *s/ Alan F. Curley*

                                                 Alan F. Curley