IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE SCALIA, Secretary of Labor, U.S. Dep't of Labor, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:17-cv-07931 |
| v. | ) ) | Judge John F. Kness |
| AEU BENEFITS, LLC, et al. | ) ) ) | |
| Defendants. | ) | |

**CONSENT ORDER AND JUDGMENT AS TO AEU BENEFITS, LLC, AEU HOLDINGS, LLC, HALO P & C NORTH AMERICA, LLC, HALO ADVISORS, LLC, STEPHEN SATLER, AND STEVEN GOLDBERG**

Plaintiff EUGENE SCALIA, Secretary of Labor, United States Department of Labor ("Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, filed a complaint against defendants **AEU HOLDINGS, LLC** ("AEU Holdings"), **AEU BENEFITS, LLC** ("AEU Benefits"), **HALO P & C NORTH AMERICA, LLC** ("Halo P&C"), **HALO ADVISORS, LLC** ("Halo Advisors"), and officers **STEPHEN SATLER** and **STEVEN GOLDBERG**; **VERITAS PEO, LLC**, **VERITAS BENEFITS, LLC**, and owners **CHARLES LAMANTIA** and **JAMES D'IORIO** (collectively, "Veritas Defendants"); **SD TRUST ADVISORS, LLC**; **WILSON BENEFIT SERVICES, LLC, WBS, LLC,** and owner **DONALD R. WILSON**; and **BLACK WOLF CONSULTING, INC.**, and owner **ROD MAYNOR** (collectively, "Black Wolf") alleging breaches of their fiduciary responsibilities under ERISA §§ 403(a), 404(a) and (b), and 406(a) and (b), with respect to the non-ERISA covered multiple employer welfare arrangement ("MEWA") known in this litigation as the AEU Holdings LLC Employee Benefit Plan ("AEU Plan") and the more than 200 ERISA-covered

employer plans participating in the AEU Plan ("Participating Plans").

Defendants AEU Benefits, AEU Holdings, Halo P & C, Halo Advisors, Stephen Satler, and Steven Goldberg (collectively "the AEU Defendants") each acknowledge being validly served with a copy of the Secretary's Complaint, First Amended Complaint, and Second Amended Complaint filed in the above-captioned lawsuit and admit to the jurisdiction of this Court over them and the subject matter of this action.

The Secretary and the AEU Defendants have agreed to resolve all matters in controversy in this action between them, and these parties do now consent to entry of this Consent Order and Judgment by the Court.

Upon consideration of the record, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED**:

1. Defendants AEU Benefits, AEU Holdings, Stephen Satler, and Steven Goldberg are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. § 1001 *et seq*.

2. Defendants AEU Benefits, AEU Holdings, Stephen Satler, and Steven Goldberg are permanently enjoined and restrained from serving as fiduciary or service provider to any ERISA-covered plans. Stephen Satler and Steven Goldberg are permanently enjoined and restrained from serving as an owner or officer of any entity that serves as a fiduciary or service provider to any ERISA-covered plans. The foregoing injunction does not prohibit Stephen Satler and Steven Goldberg from being an employee or broker of a company that sells insurance products which has divisions or other personnel who are ERISA fiduciaries or service providers, so long as Stephen Satler or Steven Goldberg are not themselves acting as an ERISA fiduciary or service

providers in their capacity as an employee or broker of such company. The foregoing injunction also does not prohibit Stephen Satler or Steven Goldberg from being an owner, shareholder, principal, partner or officer of a company that maintains ERISA-qualified health or retirement plans for its own employees or company, so long as Stephen Satler or Steven Goldberg are not acting as an ERISA fiduciary or service provider in any of those positions.

3. Each of the AEU Defendants shall cooperate fully, at their own expense, with the Secretary during his litigation of the Secretary's lawsuit *Scalia v. AEU Benefits, LLC, et al.*, No. 1:17-cv-07931 (N.D. Ill.) ("Secretary's Lawsuit"), including providing all requested documents, sitting for depositions, testifying at trial, and completing all declarations deemed necessary by the Secretary in support of or in response to any motions in the matter.

4. Each of the AEU Defendants shall cooperate fully, at their own expense, with any litigation brought by the court-appointed Independent Fiduciary in this matter, including providing all requested documents, sitting for depositions, testifying at trials, and completing all declarations deemed necessary by the Independent Fiduciary in support of or in response to any motions in any of its litigation.

5. Each of the AEU Defendants hereby admits that: (1) the AEU Plan was established and maintained for the purpose of offering and providing group health insurance to the Participating Plans; (2) the participating plans' employee and employer contributions are and were assets of the Participating Plans and the AEU Plan when Aggregators received them; and (3) these plan assets were pooled together for purposes of paying premiums, health claims and administrative fees.

6. The AEU Defendants each agree they have no claim on any monies recovered by the Independent Fiduciary to date, including those funds seized under the TRO/preliminary

3

injunction in the Secretary's Lawsuit.

7. The AEU Defendants acknowledge that the defendants to the Secretary's Lawsuit, including the AEU Defendants, could be jointly and severally liable to the AEU Plan in the total amount of $30,000,000 ("Liability Amount") or more if the Secretary were to prevail in this litigation.

8. In reliance on the representations made by the AEU Defendants in the financial documents and declarations they provided to the Secretary, which show that they are currently unable to immediately pay the Plan the total Liability Amount, the Secretary agrees to forbear attempting to obtain a judgment for the full Liability Amount. In recognition thereof and based on the AEU Defendants' current ability to pay, the AEU Defendants shall pay $1,133,000 ("Restitution Amount") in accordance with the paragraph below.

9. The AEU Defendants are jointly and severally liable for and shall restore to the AEU Plan the Restitution Amount by remitting the Restitution Amount specified in Paragraph 8 as follows:

    a. The AEU Defendants shall tender all payments to the Independent Fiduciary by wire or ACH transfer to Regions Bank, for credit to the AEU Holding Benefit Plan Account No. xxxxxxxxxx, ABA Routing Number xxxxxxxxx, (account numbers shall be provided via separate correspondence);

    b. Upon execution of this Consent Order and Judgment, the AEU Defendants shall pay $20,060 to the Independent Fiduciary;

    c. Commencing on September 1, 2020, the AEU Defendants shall pay $15,000 per month for a period of 6 months;

    d. Commencing on March 1, 2021, the AEU Defendants shall pay $28,415 per month for a period of 36 months, except that the AEU Defendants shall have the option, but not the

4

obligation, to prepay part or all of the unpaid balance of the Restitution Amount at any point prior to the due date for the final payment, in which case the number of remaining monthly payments shall be reduced accordingly;

10. The AEU Defendants shall provide documentation to the U.S. Department of Labor, Employee Benefits Security Administration ("EBSA") as follows:

a. The AEU Defendants shall provide quarterly financial statements prepared according to Generally Accepted Accounting Principles ("GAAP") for AEU Benefits and AEU Holdings (including its subsidiaries) to EBSA (to the following email addresses: sinisi.michael.k@dol.gov and rainey.david@dol.gov), within 60 days of the end of each quarter, and annual consolidated audited financial statements, along with any notes or attachments, prepared according to GAAP within 120 days of the end of each fiscal year, and shall include with the foregoing financial statements the current addresses, telephone numbers and email contacts for each of the AEU Defendants;

b. The AEU Defendants shall provide copies of the quarterly financial statements they are required to send to Oak Street Funding, LLC ("Oak Street") in accordance with its loan agreements with Oak Street, to EBSA (to the following email addresses: sinisi.michael.k@dol.gov and rainey.david@dol.gov), within 60 days of the end of each quarter. If the quarterly financial statements are no longer required by Oak Street, the AEU Defendants will continue to provide the quarterly financial statements described in Paragraph 10(a) to EBSA;

c. The AEU Defendants shall provide copies of their Federal and State tax returns on or before May 1 each year for 2020, 2021, 2022, 2023, and 2024 or by November 1 if an extension is filed, to EBSA Regional Director, EBSA Chicago Regional Office, 230 S. Dearborn St., Ste. 2160, Chicago, Illinois 60604.

11. In addition to paying the Restitution Amount, as set forth in Paragraphs 8 and 9 above, the AEU Defendants shall pay 30% of all of AEU Holdings' annual Income over $25,000 to the AEU Plan ("Income Payments"), if such annual Income exceeds $25,000 for any year during which the AEU Defendants are still making payments of the Restitution Amount. The AEU Defendants shall make any required Income Payments to the AEU Plan as provided in paragraph 9(a) above within 30 days of filing AEU Holdings' Federal Tax Return.

a. For purposes of this paragraph, the term annual "Income" shall mean the net income amount as reported on AEU Holdings' consolidated audited annual financial statements prepared according to GAAP. Income shall be calculated after deducting prepayments of the Restitution Amount, payments of principal owed on the AEU Defendants' current loans from Oak Street Funding LLC(or payments of principal owed on any refinancing of those obligations) and payment of any judgments or settlements of litigation and associated costs and attorney's fees. If the annual Income amount includes any deduction for depreciation or amortization expense, the depreciation and amortization expense shall be added back to net income to arrive at annual Income.

b. The AEU Defendants shall operate their business in good faith and keep expenses low and consistent with amounts reported during the settlement conference and maintain AEU Holdings current corporate structure and accounting practices for all subsidiaries and affiliates with AEU Holdings.

12. If the AEU Defendants fail to make each of the payments set forth in Paragraphs 8, 9 and 11 above, on or before the dates set forth therein, then the entire unpaid balance of the Restitution Amount and any Income Payments shall become due and payable immediately, together with post-judgment interest pursuant to 28 U.S.C. § 1961, with interest accruing from the date the first payment became past due until the date full payment of the unpaid balance of the

Restitution Amount and any Income Payments are made, with no further notice or demand required by the Secretary to the AEU Defendants. In addition, if the AEU Defendants fail to make each of the payments set forth in Paragraphs 8, 9 and 11 above, on or before the dates set forth therein, the Defendants agree EBSA can immediately assess the total penalty due under ERISA § 502(l), 29 U.S.C. § 1132(l), as described in Paragraph 19, as to all payments made to date, regardless of whether "all" or "final" payments were made.

13. If it is found that the financial documents the AEU Defendants provided to the Secretary regarding their financial status are false and caused their financial status to be understated, the Liability Amount (minus any payments already made pursuant to the Consent Order and Judgment) shall immediately become due and payable by the AEU Defendants, together with post-judgment interest pursuant to 28 U.S.C. §1961, accruing from the date of the entry of this Consent Order and Judgment. In addition, at the Secretary's sole discretion, the Secretary may withdraw the Restitution Amount and request that this Consent Order and Judgment be amended to provide for a new Restitution Amount based on the additional assets discovered.

14. Until all payments have been made as required in Paragraphs 8, 9 and 11, if any of the AEU Defendants receive any bequests, inheritance, or gifts, in the form of liquid assets; lottery and/or gambling winnings; or proceeds of any life insurance policies that are over $25,000, they shall pay the AEU Plan 100% of such earnings within 30 days of receipt as provided in paragraph 9(a) above. Any payments made pursuant to this paragraph shall be in addition to the Restitution Amount and Income Payments.

15. In the event any of the AEU Defendants file for bankruptcy protection after the entry of this Consent Order and Judgment, all unpaid monetary liability set forth in this Consent Order and Judgment is and shall be treated as nondischargeable debt under § 523(a)(4) of the

7

Bankruptcy Code, 11 U.S.C. §523(a)(4). The conduct of the AEU Defendants, as alleged in the Secretary's Lawsuit, constitutes defalcations, within the meaning of 11 U.S.C. § 523(a)(4).

16. The AEU Defendants agree they will provide proof of all payments made under this Consent Order and Judgment to the Regional Director, EBSA, within five days of each payment to the persons with the following email addresses: sinisi.michael.k@dol.gov and rainey.david@dol.gov.

17. The AEU Defendants each expressly waive, release and forever discharge any and all claims that they have or may have against the Secretary, or any of his agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the investigation and litigation of this case and the settlement relating thereto. In particular, the AEU Defendants each expressly waive any and all claims under the Equal Access to Justice Act (Pub. Law No. 96-481 (1980), reenacted at Pub. Law No. 99-80 (1985) and amended at Pub. Law No. 104-121 (1996)) they have or may have against the Secretary or any of his agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the investigation or litigation of this case and the settlement relating thereto.

18. The AEU Defendants expressly preserve all claims they may have or which may arise against any other person or entity other than the Secretary or any of the Secretary's agents, attorneys, employees, or representatives, and nothing herein waives any claim the AEU Defendants now have, whether asserted or not asserted, or may in the future have, against any other defendant or third-party plaintiff named in this or any other lawsuit.

19. Upon all payment of the amounts in Paragraphs 8, 9, 11, and 14 above, the AEU Defendants shall be and hereby are assessed a total penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), of 20% of these amounts.

a. Defendants hereby waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83.

b. The parties agree, for the penalty assessed pursuant to ERISA § 502(l) in connection with the violations alleged in this matter, the "applicable recovery amount" shall include all amounts paid in accordance with this Consent Order and Judgment.

c. Defendants agree to pay the penalty assessed by the Department of Labor ("DOL") pursuant to ERISA §502(l), 29 U.S.C. §1132(l) within 30 days of the final payment of the Restitution Amount in Paragraph 9 of this Consent Order and Judgment unless Defendants request a financial hardship waiver pursuant to ERISA §502(l)(3)(B) as provided herein. Defendants agree to waive any other defenses or appeals if their financial hardship waiver is denied or if they fail to seek said waiver within the time set forth in this paragraph. This document or a copy thereof can be used as evidence of his or her waiver of further defenses or appeals pursuant to ERISA §502(l).

d. Defendants shall provide information in support of any financial hardship waiver petition of the full amount assessed as a 502(l) Penalty or a portion thereof to the EBSA Regional Director within 30 days of the final payment of the Restitution Amount in Paragraph 9 of this Consent Order and Judgment.

e. The Secretary shall notify Defendants within 90 days of receiving the information identified in Paragraph 19(c) and (d) above of his decision to grant or deny a financial hardship waiver (in full or part). If the Secretary grants defendants a financial hardship waiver, but only agrees to reduce the originally assessed 502(l) penalty identified in this paragraph, the Secretary shall accept the reduced amount as full satisfaction of the total assessed penalty identified in this paragraph above. Defendants shall pay the reduced 502(l) Penalty under this paragraph

within 30 days of the Secretary notifying defendants of his decision to grant or deny a financial hardship waiver.

    f.  If the Secretary denies the defendants' petition for a financial hardship waiver in its entirety, Defendants shall pay the full 502(l) Penalty identified herein within 30 days of notifying Defendants of his decision to grant or deny a financial hardship waiver.

    g.  Defendants shall pay the penalty owed under this paragraph by remitting a check or money order payable to the United States Department of Labor. The check should be mailed to the following address:

*Standard (Regular U.S. Mail)*

ERISA Civil Penalty
P.O. Box 6200-36
Portland, OR 97228-6200

*Express or Commercial Overnight Mail*

U.S. Bank
Attn: ERISA Civil Penalty #6200-36
17650 NE Sandy Blvd.
PD-OR-C1GL
Portland, OR 97230

The check or money order referenced in this paragraph shall refer to EBSA Case No. 50-034094.

  20.  Upon completion and receipt of the full payment of the Restitution Amount (as outlined in Paragraphs 8 and 9) by the AEU Defendants, including any amounts paid pursuant to Paragraphs 11 and 14, the Secretary expressly waives, releases, and forever discharges all claims, monetary or equitable, asserted or unasserted with respect to the AEU Plan in the Secretary's lawsuit, for the time period of January 1, 2016 to November 2, 2017, against AEU Benefits, AEU Holdings, Halo P&C, Halo Advisors, Stephen Satler, and Steven Goldberg, and their officers,

directors, employees, members, and shareholders. Notwithstanding the foregoing sentence, nothing in this Consent Order and Judgment shall be deemed to waive any claim relating to a breach of the obligations and injunctions set forth in this Consent Order and Judgment, nor shall it waive the ERISA § 502(l) penalty as agreed to in Paragraph 19. The Secretary expressly preserves any claims that he may have against any other person or entity other than AEU Benefits, AEU Holdings, Halo P&C, Halo Advisors, Stephen Satler, and Steven Goldberg, and their officers, directors, employees, members, and shareholders.

21. The AEU Defendants and the Secretary agree this Consent Order and Judgment shall have no bearing on the Court's "Order Staying All Proceedings Against Participants, Beneficiaries, the AEU Holdings, LLC, Employee Benefit Plan ('AEU Plan'), Employer Plans Participating in the AEU Plan, and Plan Assets" [Docket No. 38], which shall remain in full force and effect pending the court-appointed Independent Fiduciary's resolution of its Orderly Plan of Liquidation [Docket No. 147].

22. The AEU Defendants and the Secretary agree that upon entry of this Consent Order and Judgment, this Court shall release the AEU Defendants from any further obligations under this Court's "Preliminary Injunction" [Docket No. 59]. In particular, without limitation, the AEU Defendants shall have no obligation to pay any fees incurred by the Independent Fiduciary, beyond the $164,984.51 that affiliates of the AEU Defendants have paid to the Independent Fiduciary to date.

23. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor, Employee Benefits Security Administration.

24. The Court finds that there is no just reason to delay the entry of this Judgment, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, expressly directs the entry thereof

as a Final Order and Judgment as to Defendant AEU Benefits, AEU Holdings, Halo P & C, Halo Advisors, Stephen Satler, and Steven Goldberg.

SO ORDERED.

Date: September 21, 2020

JOHN F. KNESS
United States District Judge

The parties hereby consent to the entry of this Consent Order and Judgment:

**PLAINTIFF:**

**KATE S. O'SCANNLAIN**
Solicitor of Labor
**CHRISTINE Z. HERI**
Regional Solicitor


_____
Bruce C. Canetti
Senior Trial Attorney

Brooke E. Worden
Senior Trial Attorney

JoAnn G. Lim
Trial Attorney

Attorneys for **EUGENE SCALIA**,
Secretary of Labor, United States Department of Labor

**P.O. ADDRESS:**
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Room 844
Chicago, IL 60604
T: (312) 353-3271
F: (312) 353-5698
canetti.bruce@dol.gov

**DEFENDANTS:**

| AEU BENEFITS, LLC: | AEU HOLDINGS, LLC: |
|---|---|
| By: _____ | By: _____ |
| Its _____ | Its _____ |

| HALO P & C NORTH AMERICA, LLC: | HALO ADVISORS, LLC: |
|---|---|
| By: _____ | By: _____ |
| Its _____ | Its _____ |

14

STEPHEN SATLER:                    STEVEN GOLDBERG:

_____    _____


_____
Daniel Hildebrand
Tiffany Fordyce
Greenberg Traurig, LLP
77 West Wacker Drive, Ste. 3100
Chicago, IL 60601
T: (312) 456-8400
hildebrand@gtlaw.com
Attorneys for Defendants
As to Form only