UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

**MARTIN J. WALSH**, Secretary of Labor,
United States Department of Labor,

          Plaintiff,

    v.

**AEU BENEFITS, LLC,**
**AEU HOLDINGS, LLC,**
**BLACK WOLF CONSULTING, INC.,**
**SD TRUST ADVISORS, LLC,**
and the **AEU HOLDINGS, LLC**
**EMPLOYEE BENEFIT PLAN,**

          Defendants.

CIVIL ACTION NO.   1:17-cv-07931

---

## INDEPENDENT FIDUCIARY'S AGREED MOTION TO AMEND PLAN OF DISTRIBUTION AND EXHIBIT 5 TO PLAN OF DISTRIBUTION

Receivership Management, Inc., in its capacity as Court-appointed Independent Fiduciary in this action, moves the Court to for an Order permitting the Independent Fiduciary to amend the Plan of Distribution for which the Independent Fiduciary is contemporaneously seeking Court approval. An amended Plan of Distribution is attached as Exhibit 1 to this motion, and a redlined version of the Plan of Distribution that shows the proposed amendments described in this Motion is attached as Exhibit 2. Consistent with the proposed modifications to the Plan of Distribution, the Independent Fiduciary also seeks leave to amend the cover letter that will accompany interim distribution checks that was originally attached as Plan of Distribution Exhibit 5. The proposed amended cover letter is attached as Exhibit 3 to this Motion. The current version of the Plan of Distribution and the cover letter contain errors that are corrected by the revised language proposed herein.

Plaintiff Secretary of Labor agrees to the relief requested in this motion. Per the Secretary's status report dated October 25, 2021 (Dkt. 628), there are no remaining parties from which agreement needs to be sought. In further support of this Motion, the Independent Fiduciary states as follows:

1. On April 13, 2021, the Independent Fiduciary filed a Motion (1) To Approve Plan of Distribution; (2) To Approve Interim Distribution; (3) to Approve Related Relief as Requested Herein; and (4) to Set Objection Deadline, and a Motion to Enter Order Granting Requested Relief as Final Pursuant to Rule 54(b) Fed. R. Civ. P. (the "Plan Approval Motion"). (Dkt. 588).

2. As a prerequisite to seeking approval of the Plan of Distribution, the Plan Approval Motion requested that the Court enter an order approving the proposed form of notice to Benefit Plan Claimants, as well as a 60-day deadline for such Claimants to object to the Plan Approval Motion. (*Id.*, pp. 2-3).

3. On July 12, 2021, the Court entered an Order (1) approving the method proposed by the Independent Fiduciary to provide notice of the Plan Approval Motion, (2) giving Medical Providers[1] 60 days from mailing of the notice to submit objections to the proposed Plan of Distribution, and (3) directing the Independent Fiduciary to notify the Court by status report whether any objections were filed. (Dkts. 610, 611).

4. Notice was mailed to the Medical Providers on July 20, 2021, informing them that objections to the Plan Approval Motion had to be filed by September 20, 2021. (Dkts. 625-1, 625-2).

---

[1] "Medical Providers who/which provided services to Benefit Plan Participants" are "Type 3 Claimants" in the Plan of Distribution. (*Id.*, p. 7 of 262). They stand to receive the overwhelming majority of Interim Distribution payments and likely all of any future distribution payments.

5. On September 23, 2021, the Independent Fiduciary filed a Status Report notifying the Court that the Notices were mailed on July 20, 2021 and no objections to the Plan of Distribution were filed by September 20, 2021. (Dkt. 625).

6. Contemporaneously with this Motion, the Independent Fiduciary is submitting a proposed order granting the Plan Approval Motion and approving the Plan of Distribution, including the proposed amendments sought herein. As explained below, the Independent Fiduciary seeks leave to amend the Plan of Distribution and Exhibit 5 to the Plan of Distribution before such approval is granted.

7. The original Plan Approval Motion attached the proposed Plan of Distribution along with its Exhibits 1-6. (Dkt. 588-1, Exhibit A).

8. The Plan of Distribution originally indicated that by cashing or depositing Interim Distribution checks (covering only about 11 percent of their claims), Medical Providers would effect a complete release of their claims against the Plans, including the amounts not covered by the Interim Distribution. (Dkt. 588, ¶¶ 17, 22, 37, 38(a), 39). The original Plan of Distribution also provided that those Medical Providers who fail to cash or deposit the Interim Distribution checks would forfeit their right to any future distributions from the Benefit Plan Liquidation Estate. (Dkt. 588, ¶¶ 18, 22, 37).

9. The Independent Fiduciary is pursuing litigation on behalf of the Benefit Plan Liquidation Estate against third parties for damages measured in part by the amount of the unpaid claims incurred by Participants and owed to the Medical Providers. The litigation, if successful, would likely result in additional distributions from the Benefit Plan Liquidation Estate to the Medical Providers.

10. The language of the original Plan of Distribution referenced in ¶ 8 above could be construed as negatively impacting the Independent Fiduciary's damages claims against the third parties for the unpaid claims, thus potentially limiting recoveries that could be used to pay Medical Providers. The Independent Fiduciary did not intend that result.

11. Consequently, in each paragraph where the original Plan of Distribution provided that cashing or depositing Interim Distribution checks would effect a complete release of claims for unpaid Plan Responsibility Amounts, it now states that the Medical Providers, by cashing or depositing Interim Distribution checks, agree to "look solely to the AEU Benefit Plans for payment of Unpaid Plan Responsibility Amounts in accordance with the Orderly Plan of Liquidation." *See* Exhibits 1 and 2 hereto, ¶¶ 17, 22, 37, 38(a), 39. Similarly, where the original Plan of Distribution stated that Medical Providers who failed to cash or deposit the Interim Distribution checks would forfeit the right to any future distributions from the Benefit Plan Liquidation Estate, it now states that such Medical Providers forfeit only their right to recover the portion of their claims subject to the Interim Distribution. *See* Exhibits 1 and 2 hereto, ¶¶ 18, 22, 37.

12. Exhibit 5 to the Plan of Distribution was the cover letter that the Independent Fiduciary planned to send with the Interim Distribution checks to each Medical Provider. (Dkt. 588-1, pp. 258-59 of 262). Reflecting the original language in the Plan of Distribution, Exhibit 5 as originally drafted stated that cashing the Interim Distribution check effects "a full and complete release of your ability to pursue any amount owed to you from the Benefit Plan," and that failing to cash the Interim Distribution check would result in the provider not receiving "any distribution" from the Benefit Plan Liquidation Estate. (*Id.*) The Independent Fiduciary seeks

4

leave to amend Exhibit 5 to be consistent with the proposed amendments to the Plan of Distribution described above.

13. Attached to this Motion as Exhibit 3 is a corrected cover letter proposed to be sent to Medical Providers with language that is consistent with the proposed amendments to the Plan of Distribution.

14. The Independent Fiduciary requests that the amendments to the Plan of Distribution and its Exhibit 5 be permitted without providing additional notice to Medical Providers and another 60-day objection period. The amendments will avoid an unintended, potential defense that third-party litigants could assert against the Independent Fiduciary to causes of action the Independent Fiduciary has asserted on behalf of the Benefit Plan Liquidation Estate seeking to recover funds that could be available for distribution to the Medical Providers. Since the Medical Providers filed no objections to the Plan of Distribution when the original language was included, there is no reason to believe they would object to a Plan of Distribution with the less restrictive language the Independent Fiduciary now proposes. Requiring notice and another objection period would result in the expenditure of limited Plan assets and would only delay the Medical Providers' receipt of the Interim Distribution payments, without any corresponding benefit to them.

WHEREFORE, the Independent Fiduciary respectfully requests that the Court grant this agreed Motion and permit the Independent Fiduciary (1) to amend the Plan of Distribution as set forth in attached Exhibits 1 and 2, and (2) use Exhibit 3 to this Motion as the cover letter accompanying Interim Distribution payments to Medical Providers.

Respectfully submitted,

*s/ Alan F. Curley*
Alan F. Curley
Robinson Curley P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
(312) 663-3100
acurley@robinsoncurley.com


*s/ J. Graham Matherne*
J. Graham Matherne
Andrew J. Pulliam
Wyatt, Tarrant & Combs, LLP
333 Commerce Street, Suite 1400
Nashville, Tennessee 37201
(615) 244-0080
gmatherne@wyattfirm.com
apulliam@wyattfirm.com

*Counsel to the Independent Fiduciary*