UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor,　　　　Plaintiff,　　v.　　**AEU BENEFITS, LLC,**<br>**AEU HOLDINGS, LLC,**<br>**BLACK WOLF CONSULTING, INC.,**<br>**SD TRUST ADVISORS, LLC,**<br>and the **AEU HOLDINGS, LLC**<br>**EMPLOYEE BENEFIT PLAN,**　　　　Defendants. | No. 17-cv-07931 |

**ORDER GRANTING INDEPENDENT FIDUCIARY'S MOTION TO APPROVE RECOMMENDATIONS AS TO PLAN FOR FINAL DISTRIBUTION IN THE AEU BENEFIT FINAL DISTRIBUTION IN THE AEU BENEFIT FUND LIQUIDATION ESTATE, TO APPROVE FINAL PRO RATA DISTRIBUTION TO TYPE 3 MEDICAL PROVIDERS AND TO MAKE FINAL, UNDER RULE 54(b) FED. R. CIV. P., ITS ORDER ADDRESSING THE MATTERS SET FORTH IN ITS MOTION**

On October 21, 2024, the Court-appointed Independent Fiduciary ("IF") filed its motion seeking an order granting the IF's Motion to approve recommendations as to the IF's plan for final distribution and as to payment of pro rata amounts to relevant Type 3 Medical Providers and to make the order granting/approving the matters set forth in the IF's Motion final pursuant to Fed. R. Civ. P. 54(b) (D.E. #723). In this Order, the Court refers to "relevant Type 3 Medical Providers" and "relevant Plan Members" as set forth in the IF's Motion.

The IF's Motion, and the exhibits thereto, fully support the requests and recommendations made in relation to the IF's Motion (D.E. #723). Accordingly, the IF's Motion is granted.

In granting the IF's Motion, the Court, based on the reasoning set forth in the IF's Motion

(D.E. # 723 at pp. 14-15), finds that the notice provided regarding its Motion is sufficient.

In granting the IF's Motion, the Court approves the following procedure relating to the IF's plan for final distribution:

1) <u>Pro Rata Immediate Payment to the relevant Type 3 Medical Providers</u>: Upon entry of this Order, made final pursuant to Rule 54 (b) Fed. R. Civ. P., $9,398,643.99 will be distributed, pro rata, to the relevant Type 3 Medical Providers set forth in Exhibit 1 to IF's Motion. The envelopes of the mailing of these distribution checks will state that if there is a forwarding address, such forwarding address be noted on any return of the mailing. Those relevant Type 3 Medical Providers will have 90 days from the date of the check within which to deposit the final distribution amount. If the mailing of the check is returned by the U.S. Postal Service with a forwarding address, the check will be reissued and sent to that forwarding address and the relevant Type 3 Medical Provider will have 90 days to deposit that reissued check. If the check is not deposited within the applicable 90 day period, the check will be voided and the relevant Type 3 Medical Provider will not receive a final distribution payment. These unaccepted funds will be distributed to the relevant Plan Members, as set forth below.

2) <u>Payment to Relevant Plan Members:</u> After the expiration of the above-referenced 90 day period(s) regarding final distribution to the relevant Type 3 Medical Providers, the IF will distribute the following amounts to relevant Plan Members:

   a. The $979,112.41 that was not deposited/accepted or has been returned to the IF by Type 3 Medical Providers as part of the interim distribution;

   b. The amount for unpaid medical billings that would have been paid in a final distribution to a Type 3 Medical Provider but for the fact the particular Type 3 Medical Provider did not deposit or has returned the interim distribution ($1,713,676.17);

   c. The amounts not deposited/accepted from the final distribution by the relevant Type 3 Medical

      Providers.

    d. The IF will send to these relevant Plan Members a distribution check and an informational statement identifying the Type 3 Medical Providers that accepted the interim distribution and thus are prohibited from pursuing the relevant Plan Member for any remaining unpaid Plan Responsibility Amounts related to that Medical Provider.

    e. The relevant Plan Member will have 120 days to deposit the check. If the mailing to the relevant Plan Member is returned to the IF, the IF will use reasonable efforts to identify another address and will reissue the check, and the above-referenced informational statement, and mail to that identified address. The relevant Plan Member will be informed that the check must be deposited within 120 days of the date of the reissued check. If after the applicable 120-day period, the relevant Plan Member has not deposited the check, then the IF will send the funds to the unclaimed property department of the state which the records of the IF indicate the particular Plan Member resides.

3) <u>Treatment of Plan Members Who Will Not Receive Payments From the Liquidation Estate</u>: Plan Members not receiving a payment – *i.e.*, those Plan Members whose unpaid Plan Responsibility amounts have been addressed through the interim distribution process – will receive a statement identifying the Medical Providers that accepted the interim distribution and thus are prohibited from pursuing the Plan Member for any unpaid Plan Responsibility amounts related to those Medical Providers. If that mailing is returned to the IF, the IF will use reasonable efforts to identify another address for the Plan Member and resend the information to that identified address.

4) <u>Notice to Type 4 Claimants</u>: Because the distributions set forth above will exhaust all assets available for distribution, there will be no distribution to Type 4 claimants. The IF will send letters to the Type 4 claimants notifying them of such.

5) <u>Closing Matters Regarding the Liquidation Estate</u>: After the completion of the two-stage final distribution set forth above, the IF will seek further order of the Court regarding recommendations as to the matters relating to the final closure of the Liquidation Estate, including disposition of any remaining Reserve and the discharge of the IF.

In addition, pursuant to Rule 54 (b) Fed. R. Civ. P, and upon the reasoning set forth in the IF's Motion (D.E. # 723at pp. 15-16), the Court expressly determines that there is no just reason to delay and directs entry of a final judgment as to this Order and the matters addressed herein.

Upon entry of this Order, the IF shall post a copy of this Order on the website dedicated to this matter (www.receivermgmt.com/aeubenefitplan-htm).

SO ORDERED in No. 17-cv-07931.

Date: __10/28/2024_____

John F. Kness
United States District Judge